**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CARL T. STEWART, JR., a/k/a CARL BURTON, | |
| Plaintiff, | CIVIL ACTION NO. 1:13-CV-02518 |
| v. | (RAMBO, J.)
(MEHALCHICK, M.J.) |
| DAVID A. VARANO, et al., | |
| Defendants | |

**REPORT AND RECOMMENDATION**

  This case involves a *pro se* plaintiff, Carl T. Stewart, Jr., who has filed the above-captioned civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff names forty-five defendants in the complaint. Forty-one of the named defendants are employees or former employees of the Pennsylvania Department of Corrections ("DOC Defendants"). Currently pending before the Court are Plaintiff's motions for a temporary restraining order and preliminary injunction (Doc. 16; Doc. 31), and Plaintiff's motions for default judgment (Doc. 37; Doc. 60).

  **I.**   <u>DISCUSSION</u>

   A. <u>MOTIONS FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION</u> (Doc. 16; Doc. 31)

  On November 14, 2013, Plaintiff filed a "motion practice/order to show cause for an preliminary & temporary restraining order." (Doc. 16). In his motion, Plaintiff seeks a preliminary injunction pursuant to Federal Rule of Civil Procedure 65(a) to enjoin defendants from depriving him of medical care and requests release from confinement in the Restricted Housing Unit (RHU) at SCI – Coal Township. Plaintiff requests that he be sent

to another prison and removed from SCI – Coal Township. He further requests that defendants restrain "from showing deliberate indifference to [his] medical needs." (Doc. 16, p. 2).

On December 23, 2013, Plaintiff filed a "motion practice/disposition for preliminary injunctions/temporary restraining order/to show cause," construed by this court as a motion for preliminary injunction. (Doc. 31). Plaintiff states that he did not have access to law books, the books are outdated, and the pages are torn out of the books. He states he is still confined in the RHU and not being provided medical care. Plaintiff requests he be removed from SCI – Coal Township. (Doc. 31).

Plaintiff is no longer incarcerated at SCI – Coal Township. On March 7, 2014, Plaintiff submitted a change of address notice to the court. (Doc. 66). His current place of confinement is SCI – Greene in Waynesburg, Pennsylvania. Because of this transfer from SCI – Coal Township, Plaintiff's claims for injunctive relief arising out of his confinement at SCI – Coal Township, and the alleged lack of medical care by the defendants at SCI – Coal Township, are moot. *Sutton v. Bradley*, No. 07-1798, 2007 WL 4570781 (M.D. Pa. Dec. 26, 2007); *Ibarra-Villalva v. USP-Allenwood*, 213 Fed. Appx. 132, 134 (3d Cir. 2007) (upholding denial of prisoner's challenge to conditions of confinement as moot because prisoner was transferred to another institution). As such, it is recommended that Plaintiff's motions for injunctive relief related to his confinement at SCI – Coal Township (Doc. 16; Doc. 31) be **DENIED**.

B.  MOTIONS FOR DEFAULT JUDGMENT (Doc. 37; Doc. 60)

On January 13, 2014, as part of his motion to appoint counsel,[1] Plaintiff requested this Court order default judgment against the defendants who did not serve Plaintiff with an Answer. (Doc. 37). Plaintiff states that the defendants were served on October 23, 2013. (Doc. 37, p. 1). On February 24, 2014, Plaintiff filed another motion requesting default judgment be entered against defendants. (Doc. 60). The basis of Plaintiff's request is that defendants have not answered Plaintiff's complaint and that opposing counsel has unreasonably requested a motion for an extension of time. (Doc. 60, p. 1). Specifically, Plaintiff states that Defendants Michael Weisner, Stanley Stanish, and Jennifer Daya have not responded to his complaint, and that Plaintiff was not timely served with the DOC Defendants' brief in support of their motion to dismiss. Thus, Plaintiff requests sanctions and default judgment against defendants.

The docket indicates that a waiver of service was returned by Defendants Stanish, Daya, and Weisner on February 4, 2014 (Doc 46; Doc. 47), and that an answer was due by April 1, 2014. Defendants Stanish, Daya, and Weisner filed a timely motion to dismiss on February 21, 2014. (Doc. 57). On January 6, 2014, the DOC Defendants filed a motion to dismiss (Doc. 35). A brief in support of the DOC Defendants' motion to dismiss was filed on February 18, 2014 (Doc. 56), concurrently with a motion for an extension of time, *nunc pro tunc*, to file the brief in support of the motion to dismiss. (Doc. 54). On February 21,

---

[1] The motion to appoint counsel (Doc. 37) will be addressed in a separate Order.

3

2014, this Court granted the DOC Defendants' motion for an extension of time, *nunc pro tunc*, and accepted the filing of their brief in support of their motion to dismiss. (Doc. 59).

Defendants are afforded the opportunity to respond to the complaint within the statutory time period. A default judgment may be entered where a party fails to plead or otherwise defend. *See* Fed. R. Civ. P. 55. In this case, Defendants Stanish, Daya, and Weisner, and the DOC Defendants all filed a timely response to Plaintiff's complaint. As such, it is recommended that Plaintiff's motion for default judgment against Defendants (Doc. 37; Doc. 60) be deemed improperly filed and **DENIED**.

BY THE COURT:

Dated: June 2, 2014

*s/ Karoline Mehalchick*

**KAROLINE MEHALCHICK**
**United States Magistrate Judge**

4

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

CARL T. STEWART, JR., a/k/a CARL
BURTON,

                      Plaintiff,

     v.

DAVID A. VARANO, et al.,

                      Defendants

CIVIL ACTION NO. 1:13-CV-02518

(RAMBO, J.)
(MEHALCHICK, M.J.)

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **June 2, 2014**.

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**Dated: June 2, 2014**

*s/ Karoline Mehalchick*

**KAROLINE MEHALCHICK**
**United States Magistrate Judge**