# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

CARL T. STEWART, JR., a/k/a CARL BURTON,

          Plaintiff,

    v.

DAVID A. VARANO, et al.,

          Defendants

CIVIL ACTION NO. 1:13-CV-02518

(RAMBO, J.)
(MEHALCHICK, M.J.)

## REPORT AND RECOMMENDATION

On October 7, 2013, Plaintiff Carl T. Stewart, Jr., an inmate currently incarcerated at the State Correctional Institution – Greene in Waynesburg, Pennsylvania, filed the instant action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. 1). At the time he filed this complaint he was incarcerated at SCI – Coal Township. (Doc. 1). Plaintiff names forty-five defendants in the complaint. Pending before this Court are three motions to dismiss: The Pennsylvania Department of Corrections' ("DOC Defendants") motion to dismiss (Doc. 35); Defendants Michael Weisner, Stanley Stanish, and Jennifer Daya's ("Medical Defendants") motion to dismiss (Doc. 57); and Defendant Karen Kaskie's motion to dismiss. (Doc. 33). Also pending

before this Court are Plaintiff's motions to supplement his complaint (Doc. 72; Doc. 73); and Plaintiff's motion for an extension of time to file a certificate of merit. (Doc. 73).[1]

## I.   BACKGROUND AND PROCEDURAL HISTORY

Plaintiff alleges claims against Defendants arising under the First, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution. Plaintiff's claims stem from incidents that occurred while he was incarcerated at SCI- Coal Township. (Doc. 1, ¶ 6).

Forty-one of the defendants that Plaintiff names in the complaint are employees or former employees of the Pennsylvania Department of Corrections.[2] On January 6, 2014, the DOC Defendants moved to dismiss (Doc. 35) Plaintiff's claims against them. On February 18, 2014, the DOC Defendants filed a brief in support of their motion to dismiss. (Doc. 56). On May 9, 2014, Plaintiff filed a brief in opposition. (Doc. 83).

In a separate motion, the Medical Defendants move to dismiss Plaintiff's claims against them. (Doc. 57). The Medical Defendants are Dr. Stanish, a doctor working at SCI – Coal Township; Dr. Weisner, a doctor working at SCI – Coal Township; and Jennifer Daya, a physician's assistant working at SCI – Coal Township. (Doc. 1, ¶¶ 22-24). Plaintiff alleges that he was diagnosed with Hepatitis C, and that he had an allergic reaction to antibiotics that were provided to him by Defendant Daya. Plaintiff also states he filed a grievance against Daya

---

[1] Plaintiff's motion for an extension of time to file a certificate of merit (Doc. 73) is also filed as a motion for appointment of counsel. That portion of the motion is addressed by a separate memorandum and order filed as Doc. 89 on June 5, 2014.

[2] Defendants state that thirty-eight of the defendants are employees or former employees of the Pennsylvania Department of Corrections. However, although not named in the caption of the complaint, Plaintiff also names as defendants in the complaint Vanessa Schooley (Doc. 1, ¶ 27); Lieutenant Shipe (Doc. 1, ¶ 38); and Sargent John Doe. (Doc. 1, ¶ 42). In a separate Order, the Court directed that Plaintiff's complaint be served on these defendants.

because she refused to refer him to a doctor. On February 21, 2014, the Medical Defendants filed a motion to dismiss (Doc. 57) and brief in support. (Doc. 58). On May 7, 2014, Plaintiff filed a brief in opposition. (Doc. 81).

In a separate motion, Defendant Karen Kaskie, a Clinical Registered Nurse Practitioner, moves to dismiss Plaintiff's claims against her. (Doc. 33). The complaint alleges that Defendant Kaskie, along with other defendants, "retaliated the disciplinary system which Plaintiff demonstrated pinpoint biasness which was clear in the administrative record turned a blind eye and condoned the treatment of Plaintiff through a fabricated misconduct." (Doc. 1, ¶ 72). Plaintiff alleges that on November 17, 2011, Defendant Kaskie came to his cell and told him that he was not suffering from a mental illness, "sort of as she was making fun of Plaintiff." Plaintiff further alleges he received a fabricated misconduct report from Defendant Kaskie. (Doc. 1, ¶ 65). On January 6, 2014, Defendant Kaskie filed a motion to dismiss (Doc. 33) and on January 20, 2014, she filed a brief in support of the motion to dismiss. (Doc. 39). On May 2, 2014, Plaintiff filed a brief in opposition. (Doc. 80). On May 8, 2014, Defendant Kaskie filed a reply brief. (Doc. 82).

II.    **DISCUSSION**

A.    MOTION TO DISMISS STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The United States Court of Appeals for the Third Circuit has noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), continuing with our opinion in *Phillips* [*v. County of*

*Allegheny*, 515 F.3d 224 (3d Cir. 2008) ] and culminating recently with the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 209–10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). A court "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court need not assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). In order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When ruling on a motion to dismiss, a trial court must assess whether a complaint states facts upon which relief can be granted, and should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551

4

U.S. 308, 322 (2007). Additionally, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

A Rule 12(b)(1) motion may be treated as either a facial or factual challenge to the court's subject matter jurisdiction. *Gould Electronics Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). In a factual attack under Rule 12(b)(1), the court may consider and weigh evidence outside the pleadings to determine if it has jurisdiction. *Gould Electronics Inc.*, 220 F.3d at 178. This Rule 12(b)(1) factual evaluation may occur at any stage of the proceedings, from the time the answer has been served until after the trial has been completed. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891–92 (3d Cir. 1977). "When a motion under Rule 12 is based on more than one ground, the court should consider the 12(b)(1) challenge first because if it must dismiss the complaint for lack of subject matter jurisdiction, all other defenses and objections become moot." *In re Corestates Trust Fee Litig.*, 837 F.Supp. 104, 105 (E.D.Pa.1993), *aff'd* 39 F.3d 61 (3d Cir. 1994).

Finally, the Court recognizes that in civil rights cases *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, *see Fletcher–Hardee Corp. v. Pote Concrete Contractors*, 482 F.3d 247, 253 (3d Cir.2007), unless it is clear that granting further leave to amend would be futile, or result in undue delay. *Alston v.*

*Parker*, 363 F.3d 229, 235 (3d Cir.2004). Therefore, unless amendment would be futile, the Court will recommend that Plaintiff be given leave to amend his complaint.[3]

    B. PLAINTIFF'S CLAIMS AGAINST DOC DEFENDANTS

The DOC Defendants have moved for dismissal of the claims against them. (Doc. 35). Specifically, all of the DOC Defendants moved to dismiss the claims against them in their official capacities. (Doc. 56). Additionally, DOC Defendants Vincent Mooney, Mike Miller, Jeffrey Beard, John E. Wetzel, George Miller, Dorina Varner and CO Waldman move to be dismissed from the case because Plaintiff failed to make any factual allegations at all against these defendants, and DOC Defendants David Varano, Anthony Luscavage, Keri Moore, L.S. Kerns-Barr, Kandis Dascani, Trish Kelley, Chris T. Yackiel, John P. Sidler, Charles Custer, Michael Farrell, Lt. Symon, Lt. George Burns, CO Felix, CO Novalis, Brownawell, CO Wiseman, and CO Klembara, move to be dismissed from the case because Plaintiff failed to sufficiently allege any personal involvement in the alleged violations of Plaintiff's constitutional rights.

### 1. Official Capacity Claims

Plaintiff alleges claims against the DOC Defendants in both their individual and official capacities. (Doc. 1, ¶ 53). The Eleventh Amendment prohibits suits brought in federal court against a state or where the state or its agency is the real party in interest, and in which the relief

---

[3] The Amended Complaint must be a new pleading that stands by itself as an adequate complaint without reference to the original complaint. *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). The Amended Complaint must establish the existence of specific actions by the Defendants which have resulted in constitutional deprivations. *See Rizzo v. Goode*, 423 U.S. 362, 370-73 (1976). The Amended Complaint should specify which actions are alleged as to which Defendants.

sought has an impact directly on the state itself. *Pennhurst State Schools and Hospital v. Halderman*, 465 U.S. 89 (1984); *Allegheny County Sanitary Authority v. United States Environmental Protection Agency*, 732 F.2d 1167 (3d Cir. 1984). To the extent that Plaintiff seeks monetary damages, the DOC Defendants are immune under the Eleventh Amendment in their official capacities. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *Howlett v. Rose*, 496 U.S. 356, 365 (1990). Accordingly, Plaintiff's claims against the DOC Defendants, as named in their official capacities seeking monetary relief, are barred by the Eleventh Amendment and subject to dismissal. Because this Court lacks subject matter jurisdiction over Plaintiff's claims against Defendants in their official capacities under the Eleventh Amendment, the Court recommends that these claims be dismissed, without leave to amend, pursuant to Fed. R. Civ. P. 12(b)(1).

## 2. Personal Involvement and Supervisory Liability

Many of the DOC Defendants move to dismiss claims against them due to lack of personal involvement or allegations based solely on a theory of supervisory liability, or a lack of any factual allegations against them. An allegation seeking to impose liability on a defendant based on supervisory status, without more, will not subject the official to section 1983 liability. *Padilla v. Beard*, 2006 WL 1410079, at *3 (M.D. Pa. May 18, 2006); *see also Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *Ayers v. Coughlin*, 780 F.2d 205, 210 (2d Cir. 1985) (per curiam) (a mere linkage in the prison chain of command is not sufficient to demonstrate personal involvement for purposes of section 1983); *Rizzo v. Goode*, 423 U.S. 362 (1976) (permitting supervisory liability where a defendant, after being informed of the violation through the filing of grievances, reports or appeals, failed to take action to remedy the alleged wrong is not enough to show that the defendant has the necessary personal involvement). "It is well-established that an allegation that an official ignored a prisoner's letter of protest and

request for an investigation of allegations made therein is insufficient to hold that official liable for the alleged violations." *Padilla v. Beard*, 2006 WL 1410079, at *3 (M.D. Pa. May 18, 2006) (citing *Greenwaldt v. Coughlin*, 1995 WL 232736, at *4 (S.D.N.Y. Apr.1 9, 1995) (citations omitted)).

Moreover, there is no constitutional right to a grievance procedure. *See Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 137–38 (1977); *Padilla v. Beard*, 2006 WL 1410079, at *6 (M.D. Pa. May 18, 2006). Even if the state provides for a grievance procedure, as Pennsylvania does, violations of those procedures do not amount to a § 1983 cause of action. *Hoover v. Watson*, 886 F. Supp. 410, 418–19 (D. Del. 1995), *aff'd* 74 F.3d 1226 (3d Cir. 1995). An allegation that an official ignored an inmate's request for an investigation or that the official did not properly investigate is insufficient to hold that official liable for the alleged violations. *Padilla v. Beard*, 2006 WL 1410079, at *6 (M.D. Pa. May 18, 2006). Generally, an allegation of failure to investigate an event after the fact, without another recognizable constitutional right, is not sufficient to sustain a § 1983 claim. *Heim v. York Cnty. Prison*, 2013 WL 1414638, at *6 (M.D. Pa. Apr.8, 2013) (citing *Graw v. Fantasky*, 68 Fed. Appx. 378, 383 (3d Cir. 2003)); *see also Mincy v. Chmielsewski*, 508 Fed. Appx. 99, 104 (3d Cir. 2013) (An "officer's review of, or failure to investigate, an inmate's grievances generally does not satisfy the requisite personal involvement."); *Pressley v. Beard*, 266 Fed. Appx. 216, 218 (3d Cir. 2008) ( "The District Court properly dismissed these [supervisory] defendants and any additional defendants who were sued based on their failure to take corrective action when grievances or investigations were referred to them.").

      a.   <u>Defendants Vincent Mooney, Mike Miller, Jeffrey Beard, John E. Wetzel, George Miller, Dorina Varner, C.O. Waldman</u>

DOC Defendants move to dismiss Defendants Mooney, M. Miller, Beard, Wetzel, G. Miller, Varner, and Waldman on the basis that Plaintiff has failed to state a claim against these defendants. Plaintiff has failed to state any factual allegations whatsoever against these Defendants. As such, it is recommended these defendants be dismissed for failure to state a claim against them without prejudice, but giving Plaintiff leave to amend his complaint with respect to these Defendants.

      b.   <u>Claims against Superintendent David A. Varano and Keri Moore, Trish Kelley, Chris T. Yackiel, Anthony Luscavage and Kandis Dascani with respect to Plaintiff's grievances.</u>

With respect to his grievances, Plaintiff alleges that Keri Moore (Doc. 1, ¶ 66), Trish Kelley (Doc. 1, ¶¶ 63, 64, 68, 69), and Christ Yackiel (Doc. 1, ¶ 64) denied his grievances and grievance appeals. Plaintiff alleges that Varano upheld denials of Plaintiff's grievances. (*See* Doc. 1, ¶ 6). The basis of Plaintiff's claims against Varano is limited to Varano not taking action on Plaintiff's grievances. As to Anthony Luscavage, Plaintiff alleges that Luscavage performed an investigation into some of Plaintiff's complaints and grievances (Doc. 1, ¶ 66), but that he did not investigate these claims further. Plaintiff's claims against Luscavage are limited to his supervisory role and his failure to investigate; these claims do not allege significant personal involvement. Plaintiff alleges that Kandis Dascani, Grievance Coordinator, mishandled one of his grievances. He alleges that one of his grievances "went missing" until after Dascani had retired. (Doc. 1, ¶ 63).

As noted above, allegations that an official ignored an inmate's request for an investigation, or failed to review a grievance generally do not satisfy the requisite personal involvement, and violations of grievance procedures do not amount to a § 1983 cause of action.

Any amendment of these claims would be futile. An inmate cannot sustain constitutional claims against prison officials based solely upon assertions that officials failed to adequately investigate or respond to his past grievances. *Buerl v. Fenstermaker*, 1:12-CV-2482, 2012 WL 6802593 (M.D. Pa. Dec. 12, 2012) *report and recommendation adopted*, 1:CV-12-2482, 2013 WL 83114 (M.D. Pa. Jan. 7, 2013). Dissatisfaction with a response to an inmate's grievances does not support a constitutional claim.   *See also Alexander v. Gennarini*, 144 F. App'x 924 (3d Cir.2005) (involvement in post-incident grievance process not a basis for § 1983 liability); *Pryor–El v. Kelly*, 892 F.Supp. 261, 275 (D.D.C.1995) (because prison grievance procedure does not confer any substantive constitutional rights upon prison inmates, the prison officials' failure to comply with grievance procedure is not actionable). *See also Cole v. Sobina*, No. 04–99J, 2007 WL 4460617, at *5 (W.D.Pa. Dec.19, 2007) ("[M]ere concurrence in a prison administrative appeal process does not implicate a constitutional concern."). Moreover, the mishandling of an inmate grievance does not give rise to any Constitutional violation. *See Wicks v. Shields*, 181 F.Supp. 2d 423, 428 (E.D. Pa. 2002) (state's creation of grievance procedure creates no federal constitutional rights).

As such, it is recommended that Plaintiff's claims against Defendants Superintendent David A. Varano and Keri Moore, Trish Kelley, Chris T. Yackiel, Anthony Luscavage and Kandis Dascani with respect to Plaintiff's grievances be dismissed with prejudice. *See also Paluch v. Sec'y Pennsylvania Dept. Corr.,* 442 F. App'x 690, 695 (3d Cir.2011) (summary dismissal is appropriate "because there is no apparent obligation for prison officials to investigate prison grievances.")

c. Claims of verbal harassment and threats against Superintendent David A. Varano

Plaintiff also alleges that Varano verbally harassed or threatened him (Doc. 1, ¶ 71). Verbal harassment or threats, without some reinforcing act accompanying them, do not state a constitutional claim. *Robinson v. Taylor*, 204 Fed. Appx. 155, 156 (3d Cir. 2006); *Brown v. James*, 2009 WL 790124, at *6–7 (M.D. Pa. Mar. 18, 2009). *See also Murray v. Woodburn*, 809 F.Supp. 383, 384 (E.D. Pa. 1993) ("Mean harassment … is insufficient to state a constitutional deprivation."). A verbal harassment claim, alone, does not give rise to a constitutional violation. As such, Plaintiff's complaint against Varano as it stands does not state a claim for harassment. Therefore, it is recommended that Plaintiff's claims of verbal harassment and threats by Varano be dismissed, without prejudice, and with leave to amend this claim.

d. Claims against John Sidler and Charles Custer

Plaintiff alleges that Defendants Sidler and Custer "incorporated the violations of Plaintiff's rights." This language does not indicate any personal involvement in the violation of any Constitutional right. However, there is not sufficient information to assess whether a claim against Sidler and Custer would be viable. As such, it is recommended that Plaintiff's claims against Sidler and Custer be dismissed for failure to state a claim, but that Plaintiff be granted leave to amend his claims as to these two defendants.

e. Claims against Mr. Novalis, Mr. Brownawell, and Mr. Wiseman

Plaintiff brings claims against correctional officers Novalis, Brownawell, and Wiseman. Plaintiff alleges that these defendants were present when Defendant Physician Assistant Jennifer Daya examined Plaintiff's penis. (Doc. 1, ¶ 64). Plaintiff alleges no personal involvement on the part of Novalis, Brownawell, and Wiseman. Thus, it is recommended that

11

these defendants be dismissed for failure to state a claim against them, but that Plaintiff be granted leave to amend his claims against Novalis, Brownawell, and Wiseman.

f.   <u>Claims against Mr. Symon and George Burns related to metal in Plaintiff's meal,</u>

Plaintiff alleges that metal was placed in one of his meals and that Symon "covered up" the incident. (Doc. 1, ¶ 68). Plaintiff alleges that Burns "covered up" the incident involving metal found in Plaintiff's food (Doc. 1, ¶¶ 64, 68); Burns asked Plaintiff about his habeas corpus petition (Doc. 1, ¶ 69); and that Burns made a comment during one of Plaintiff's medical examinations which may or may not have led to a misconduct. There is not enough information to assess these claim and it is recommended that they be dismissed for failure to state a claim, but Plaintiff be granted leave to amend these claims.

g.   <u>Claims against Defendant Ms. Felix</u>

Plaintiff alleges that Felix gave him a policy book and shortly after Plaintiff was taken to the Restricted Housing Unit. (Doc. 1, ¶ 63). As there is insufficient information to assess this claim, it is recommended that any claims against Felix be dismissed without prejudice and that Plaintiff be granted leave to amend these claims.

h.   <u>Claims against Mr. Klembara</u>

Plaintiff alleges that Klembara told Kerns-Barr about Defendant Kaskie's family situation. (Doc. 1, ¶ 65). That is the extent of Plaintiff's allegations against Klembara. As such, it is recommended that any claims against Klembara be dismissed without prejudice and that Plaintiff be granted leave to amend these claims.

### 3. Plaintiff's Procedural Due Process Claims against Defendants L.S. Kerns-Barr and Michael Farrell

Plaintiff alleges procedural due process claims against DOC Defendants L.S. Kerns-Barr and Michael Farrell. Specifically, Plaintiff alleges that Kerns-Barr mishandled two of his misconduct hearings. (Doc. 1, ¶ 65). Plaintiff's claims against Farrell stem from his presence when Defendant Ellett[4] told Plaintiff that he was being removed from his prison job. (Doc. 1, ¶ 59).

The protections of the Due Process Clause only apply if prison conditions create an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). *Sandin* marked a shift in the focus of a liberty interest analysis from one "based on the language of a particular regulation" to "the nature of the deprivation" experienced by the prisoner. *Sandin*, 515 U.S. at 481. Focusing on the nature of the punishment instead of on the words of prison regulations, *Sandin* held that "discipline in segregated confinement did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." *Sandin*, 515 U.S. at 486. In *Sandin*, the Court held that neither the Hawaii prison regulation under which the prisoner was sentenced to 30 days' disciplinary segregation nor the due process clause afforded the prisoner a protected liberty interest that would entitle him to procedural protections before receiving such a sanction; thus, 30 days in disciplinary custody was not an "atypical and significant hardship" for purposes of the due process clause. *See also Brown v. Hannah*, 850 F. Supp. 2d at 478 (hearing

---

[4] Defendant Ellett has moved to dismiss the claims against her in her official capacity, but has not moved to dismiss any of the claims against her individually.

13

examiner's denial of a witness and opportunity for prisoner to cross examine his accuser at his hearing did not violate his due process rights as sixty (60) days in disciplinary confinement did not constitute an "atypical and significant hardship" so as to trigger due process protection); *Griffin v. Vaughn*, 112 F.3d 703, 705-06 (3d Cir. 1997) (15 months in administrative custody did not rise to the level of an atypical and significant hardship).

### a.   Defendant L.S. Kerns-Barr

The filing of a false misconduct report does not violate an inmate's due process rights. *Brown v. Hannah*, 850 F. Supp. 2d 471, 475 (M.D. Pa. 2012). A "prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest." *Brown v. Hannah*, 850 F. Supp. 2d at 475 (citing *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986)). However, a Plaintiff has the right not to be deprived of a protected liberty interest without due process of law; thus, where a prisoner is provided due process, no constitutional violation results from his being falsely accused of a misconduct. *Brown v. Hanna*, 850 F. Supp. 2d at 476.

Construing the complaint liberally, Plaintiff appears to assert that his due process rights were violated by the hearing examiner, Kerns-Barr. Plaintiff did not have a liberty interest in remaining free from disciplinary confinement. However, it is unclear from the complaint the extent of Plaintiff's disciplinary confinement and whether it imposed an atypical and significant hardship on Plaintiff. As such, it is recommended that this claim against Kerns-Barr be dismissed without prejudice, and that Plaintiff be granted leave to amend this claim.

### b.   Defendant Michael Farrell

Removal of prison employment as part of a disciplinary hearing does not rise to the level of an "atypical and significant hardship," and therefore does not give rise to procedural due

process protections. *Ayers v. Campbell*, 267 Fed. Appx. 176, 177 (3d Cir. 2008). *See* Bryan v. Werner, 516 F.2d 233, 240 (3d Cir.1975) (due process violations are not triggered by the loss of a prison job). There is no liberty interest implicated by removal of a prisoner's employment because the prisoner has no right to a particular prison job or classification. *Padilla v. Beard*, 2006 WL 1410079 (M.D. Pa. May 18, 2006). An inmate's expectation of keeping a particular prison job does not amount to either a "property" or "liberty" interest entitled to protection under the Due Process Clause. *James v. Quinlan*, 866 F.2d 627, 629-30 (3d Cir. 1989).

As to Defendant Farrell, Plaintiff does not allege that he played any role in the decision to remove Plaintiff from his prison job, but that he was merely present when the decision was made. Plaintiff has no liberty interest in his prison employment and the procedural due process protections do not apply. Thus, to the extent Plaintiff seeks to bring a due process action against Farrell because Plaintiff lost his prison employment, Plaintiff has no constitutional right to prison employment, and further Plaintiff has not alleged any personal involvement by Farrell in the decision to remove his employment. For these reasons, Plaintiff has failed to state a viable procedural due process claim against Farrell. Further, the Court finds that as there is no liberty interest in prison employment, any amendment of this claim would be futile, and therefore the Court will recommend that Plaintiff's claim against Michael Farrell be dismissed with prejudice.

C. PLAINTIFF'S CLAIMS AGAINST THE MEDICAL DEFENDANTS

In his complaint, Plaintiff raises an Eighth Amendment claim against Defendants Dr. Stanish, Dr. Weisner, and P.A. Jennifer Daya. (Doc. 1, ¶¶ 22-24). Specifically, Plaintiff alleges that he was diagnosed with Hepatitis C, and that he had an allergic reaction to antibiotics that were provided to him by Defendant Daya. Plaintiff also states he filed a grievance against Daya

15

because she refused to refer him to a doctor. On February 21, 2014, the Medical Defendants filed a motion to dismiss (Doc. 57) and brief in support. (Doc. 58). On May 7, 2014, Plaintiff filed a brief in opposition. (Doc. 81).

### 1. Plaintiff's Eighth Amendment Medical Care Claim

The Eighth Amendment prohibits "unnecessary and wanton infliction of pain," which includes "deliberate indifference to serious medical needs of prisoners." *Dennis v. Jensen*, No. 10–1486, 2013 WL 2245144, at *3 (M.D. Pa. May 20, 2013) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976)). Such a claim requires that a plaintiff allege "(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003). "Mere medical malpractice, negligence, and courses of treatment inconsistent with the desires of the prisoner ... do not constitute deliberate indifference to serious medical needs." *Lopez v. Corr. Med. Servs., Inc.*, 499 Fed. Appx. 142, 146 (3d Cir. 2012) (citing *Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004)). Instead, it must be shown that an official knowingly disregarded an excessive medical risk: "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference may be manifested by an intentional refusal to provide medical care, delayed medical treatment for non-medical reasons, a denial of prescribed medical treatment, or a denial of reasonable requests for treatment that results in suffering or risk of injury." *Beckett v. Department of Corr.*, No. 10–0050, 2011 WL 4830787, at *11 (M.D. Pa. Oct.12, 2011).

In the instant case, there are no allegations directed at either Defendant Stanish or Defendant Weisman that either doctor was ever presented with an objectively serious medical

16

condition, much less that either was deliberately indifferent to such a condition. With respect to Defendant Daya, Plaintiff's limited references to Daya in the complaint do not allege deliberate indifference to a serious medical need. Plaintiff states that he was "maliciously infected by defendants with hepatitis C and then sadistically told during a sick call visit with Daya, PAC, who in turn proscribed 2 medications knowing they would cause a allergic reaction when combined with hepatitis C." (Doc. 81, p. 1). Plaintiff references that he had an allergic reaction to some medication; however he has not alleged that Defendant Daya had any knowledge of such an allergy when prescribing the medication. Plaintiff's allegations against Defendant Daya are merely conclusory and present no basis to show that Defendant Daya was deliberately indifferent to Plaintiff's medical needs.

Based on the above, it is recommended that Plaintiff's claims against all three Medical Defendants be dismissed for failure to state a claim, but without prejudice and with leave to amend the complaint against Medical Defendants to allege facts in accordance with the Eighth Amendment medical care standard enumerated above.

**2. Plaintiff's Motion to Supplement Complaint (Doc. 72; Doc. 73); Motion for an Extension of Time to File a Certificate of Merit (Doc. 73); and the Medical Negligence Claims against Medical Defendants**

In addition to Plaintiff's Eighth Amendment claims against the Medical Defendants, Plaintiff also seeks leave to file a supplemental complaint (Doc. 72 and Doc. 73), in which he alleges "gross medical negligence" by these defendants. (Doc. 72, p. 1). Additionally, he seeks a sixty (60) day extension of time to file a certificate of merit against the professionals named in his supplemental complaint. (Doc. 73).

In his supplemental complaint (Doc. 72), Plaintiff names as defendants Mutual Pharmaceuticals; OHM Laboratories, Inc.; Diamond Pharmacy Services; Aurobindo Pharma

USA, Inc.; and Corizon Health Care Services, in addition to the Medical Defendants, Jennifer Daya, PA; Michael Weisner, M.D., and Stanley Stanish, M.D., each of whom were named as defendants in Plaintiff's original complaint. (Doc. 1; Doc. 72). Plaintiff seeks to supplement the claims raised in his complaint pursuant to Federal Rule of Civil Procedure 15(d). In the supplemental complaint, Plaintiff makes claims of pharmaceutical malpractice, medical malpractice, corporate negligence and product liability related to the prescription and manufacture of two antibiotics, and also further negligence claims against the three medical defendants. (Doc. 72).

Federal Rules of Civil Procedure 15(d) provides that "[u]pon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit him to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." An application for leave to file a supplemental pleading, like an application for leave to amend a complaint, is addressed to the sound discretion of the trial court. *Nottingham v. Peoria*, 709 F. Supp. 542, 544 (M.D. Pa. 1988); *Bates v. Western Electric*, 420 F.Supp. 521, 525 (E.D. Pa. 1976). Factors to be considered by the court include the promotion of a justiciable disposition of the case, the delay or inconvenience the allowance of such a pleading will cause, and the prejudice to the rights of the parties to the action. *Bates*, *supra*; *see also* Wright and Miller, Federal Practice and Procedure § 1509 at 542–43. Additionally, a court may deny leave to file a supplemental pleading where that pleading relates only indirectly, if at all, to the original complaint and the alleged cause of action arose out an entirely unrelated set of facts and related to a defendant not implicated in the original complaint. *Singleton v. Hoester*, 505 F.Supp. 54, 57 (E.D. Mo. 1980); *Brown v. Consolidated Fisheries Co.*, 17 F.R.D. 86, 87 (D.Del. 1954).

18

In Document 73, Plaintiff requests a sixty (60) day extension of time to file a certificate of merit against the professionals named in his supplemental complaint. (Doc. 72). A certificate of merit for each defendant for a medical malpractice claim is due within sixty days of the filing of a complaint. Pa. R. Civ. P. 1042.3; *Liggon-Redding v. Estate of Sugarman*, 659 F.3d 258, 264-65 (3d Cir. 2011) ("Pennsylvania Rule 1042.3, mandating a certificate of merit in professional negligence claims, is substantive law under the *Erie* Rule and must be applied as such by federal courts."). The certificate of merit requirement applies to cases filed in federal court and applies to all plaintiffs including *pro se* and incarcerated plaintiffs. *Levi v. Lappin*, 2009 WL 1770146, at *1 (M.D. Pa. June 22, 2009). The failure to comply with this requirement is deemed a failure to state a claim. *Levi*, 2009 WL 1770146, at *1. "[T]he sixty-day deadline for filing a [certificate of merit] will be strictly construed and not lightly excused...." *Levi*, 2009 WL 1770146, at *1.

Liberally construing Plaintiff's complaint (Doc. 1) together with the proposed supplemental complaint (Doc. 72) and Plaintiff's request for an extension of time to file a certificate of merit (Doc. 73), it appears that Plaintiff is seeking to bring a medical malpractice and negligence claim against the Medical Defendants, Daya, Weisner and Stanish. Since Plaintiff has not submitted a Rule 1042.3 certificate of merit or otherwise indicated any intention to proceed with or without an expert witness, it is appropriate for a federal district court to dismiss his medical malpractice claims without prejudice. *See Lopez v. Brady*, 4:CV-07-1126, 2008 WL 4415585 (M.D. Pa. Sept. 25, 2008) (internal citations omitted); *see also Scales v. Witherite*, 3:10-CV-0333, 2011 WL 5239142 (M.D. Pa. Nov. 1, 2011) (a filing that a litigant intends to proceed without an expert, even in a case where the Court believes an expert will be necessary, will satisfy Pennsylvania's certificate of merit requirement). Accordingly, it is recommended that Plaintiff's medical negligence claims against medical Defendants Stanish,

Daya, and Weisman be dismissed without prejudice. It is further recommended that Plaintiff be given leave to amend his medical negligence claims against these three defendants.

Having considered the above factors, and in light of the recommendation that Plaintiff be given leave to amend his complaint against the Medical Defendants, it is recommended that Plaintiff's motion to supplement be denied. It is recommended that any claims against the three medical defendants and their employer, namely, Jennifer Daya, Michael Weisner, Stanley Stanish and Corizon Health Care Services,[5] be incorporated into an amended complaint, if the District Court grants Plaintiff leave to file the same. Further, it is recommended that Plaintiff's motion to file a supplemental complaint against the four pharmaceutical companies be denied. The claims against these four companies appear to relate only indirectly to the claims and facts set forth in Plaintiff's original complaint. It would be contrary to the interest of judicial efficiency to allow these parties and the potential claims against them to be added to this matter.

Finally, to the extent that it is recommended that this Court deny Plaintiff's motion to file a supplemental complaint as to the four pharmaceutical companies, Mutual Pharmaceuticals; OHM Laboratories, Inc.; Diamond Pharmacy Services; and Aurobindo Pharma USA, Inc., it is recommended that Plaintiff's motion for an extension of time to file a certificate of merit as to these parties be denied as moot. To the extent Plaintiff requests a sixty-day extension of time to file a certificate of merit with respect to Defendants Daya, Weisner, and Stanish, it is recommended that Plaintiff be directed to file a certificate of merit

---

[5] Corizon Health Care Services was not named in the original complaint and has not been served at this time. Should the District Court adopt the recommendation and grant Plaintiff leave to file an amended complaint against Corizon Health Care Services, this Court will direct the United States Marshal to issue service on Corizon Health Services at that time.

concurrently with an amended complaint should the District Court grant him leave to file the same. To the extent Plaintiff requests this Court provide him with forms, the Court refers Plaintiff to Pa. R. Civ. P. 1042.3 and Pa. R. Civ. P. 1042.10 for the proper filing requirements, and therefore it is recommended that his request for forms be denied.

D. PLAINTIFF'S CLAIMS AGAINST DEFENDANT KAREN KASKIE

Under the Prison Litigation Reform Act of 1996 (the "PLRA"), a prisoner is required to pursue all avenues of relief available within the prison's grievance system before bringing a federal civil rights action concerning prison conditions. *See* 42 U.S.C. § 1997e(a); *Booth v. Churner*, 206 F.3d 289, 291 (3d Cir. 2000). The exhaustion requirement is mandatory. *See Williams v. Beard*, 482 F.3d 637, 639 (3d Cir. 2007); *see also Booth*, 532 U.S. 731, 741 (holding that the exhaustion requirement of the PLRA applies to grievance procedures "regardless of the relief offered through administrative procedures"); *Nyhuis v. Reno*, 204 F.3d 65, 67 (3d Cir. 2000) (same). This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Significantly, the PLRA "completely precludes a futility exception to its mandatory exhaustion requirement." *Nyhuis*, 204 F.3d at 71 (3d Cir. 2000); *see also DeHart v. Horn*, 390 F.3d 262, 273 (3d Cir. 2004) ("Section 1997e(a) makes exhaustion of prison administrative remedies mandatory, regardless of the efficacy of the grievance process."). Moreover, in order to exhaust remedies, a plaintiff must pursue a grievance through final administrative review. *Salley v. PA Dept. of Corrections*, 181 Fed. Appx. 258, 264 (3d Cir. 2006); *Milton v. Ray*, 2007 WL 1227704 (M.D. Pa. Apr. 25, 2007) *aff'd*, 301 Fed. Appx. 130 (3d Cir. 2008) (inmate failed to exhaust administrative remedies when he did not present an issue in his final appeal).

21

Defendant Kaskie moves to dismiss Plaintiff's claims against her on the basis that Plaintiff did not exhaust his administrative remedies. (Doc. 39). In this case, Plaintiff's § 1983 claim is an action "with respect to prison conditions" under § 1997e(a). *See Singleton v. Prison Health Services*, 3:12-CV-2583, 2014 WL 59997, at *3 (M.D. Pa. Jan. 6, 2014). Pursuant to the applicable Pennsylvania Department of Corrections Administrative Directive, DC–ADM 804, a plaintiff has fifteen working days from the date his claim accrues to file his initial grievance. (DC–ADM 804(1)(A)(14). Kaskie contends that Plaintiff failed to exhaust his available administrative remedies before filing this federal lawsuit pursuant to 42 U.S.C. § 1997e(a). Plaintiff's allegations against Kaskie relate to the alleged false misconduct report and misconduct hearing. Plaintiff has not come forward with any facts showing that he properly exhausted or that he should be excused from compliance with the exhaustion requirement. *See Rigney v. Guzenski*, 2008 WL 2995219, at *4 (M.D. Pa. July 31, 2008). Rather, in his brief in opposition to Defendant Kaskie's motion to dismiss, Plaintiff contends that Grievance No. 393327 satisfies the exhaustion requirement. (Doc. 80). The record indicates that Plaintiff did not did present this issue to final review. (Doc. 39-1, pp. 38-39). Thus, Plaintiff has failed to exhaust his administrative remedies. *See Milton v. Ray*, 2007 WL 1227704 (M.D. Pa. Apr. 25, 2007) *aff'd*, 301 Fed. Appx. 130 (3d Cir. 2008).

Kaskie also argues that Plaintiff is in procedural default because Grievance No. 393327 does not mention Defendant Kaskie by name. The Court of Appeals for the Third Circuit has discussed the components of a proper grievance. *See Spruill v. Gillis*, 372 F.3d 218 (3d Cir. 2004). Under *Spruill*, if the identities of the defendants were "facts relevant to the claim" then it was mandatory for Plaintiff to name them in his grievance; if they were "persons who may have information" or with whom Plaintiff made "attempts to resolve the matter informally" then

Plaintiff was required to identify them if practicable; and if they did not fall into any of these categories then Plaintiff was not required to identify them at all. *See Spruill*, 372 F.3d at 234. However, because the Court finds that Plaintiff did not fully exhaust his available administrative remedies to final review, the Court need not decide whether Plaintiff was required to identify Kaskie by name in the grievance.

For the foregoing reasons it is recommended that Plaintiff's claims against Defendant Kaskie be dismissed without prejudice, but without leave to amend. *See Woulard v. Glenn*, CIV. 1:CV-05-0254, 2005 WL 2709027 (M.D. Pa. Oct. 21, 2005); *Shafer v. Suloga*, 3:CV-13-2519, 2014 WL 2041865 (M.D. Pa. May 15, 2014); *Oriakhi v. United States*, 165 F. App'x at 993 (prisoner may not fulfill the PLRA's exhaustion requirement by exhausting administrative remedies after the filing of the complaint in federal court).

III.   **RECOMMENDATION**

Based on the foregoing, the Court recommends the following:

1. It is recommended that the Court **GRANT** the DOC Defendants' motion to dismiss (Doc. 35), **with prejudice**, as to Plaintiff's claims arising out of his grievances against Defendants David A. Varano, Kerri Moore, Trish Kelley, Christ T. Yackiel, Anthony Luscavage and Kandis Dascani for lack of personal involvement.

2. It is recommended that the Court **GRANT** the DOC Defendants' motion to dismiss (Doc. 35), **with prejudice**, as to Plaintiff's claim against Michael Farrell related to Plaintiff's prison employment.

3. It is recommended that the Court **GRANT** Defendant Karen Kaskie's motion to dismiss (Doc. 33) **without prejudice, but without leave to amend** based on Plaintiff's failure to exhaust his administrative remedies.

4. It is recommended that the Court **GRANT** the DOC Defendants' motion to dismiss, **without prejudice**, and **with leave to amend his Complaint** as to:

    i.   Plaintiff's claim against Defendant David A. Varano for harassment;

23

    ii.   Plaintiff's claims against Defendants Vincent Mooney, Mike Miller, Jeffrey Beard, John E. Wetzel, George Miller, Dorina Varner, and Waldman.

   iii.   Plaintiff's claims against John P. Sidler and Charles Custer.

   iv.   Plaintiff's claims against Novalis, Brownawell, and Wiseman for their role in a medical examination.

    v.   Plaintiff's claim against Symon for "covering up" an incident where metal was found in Plaintiff's meal.

   vi.   Plaintiff's claims against George Burns.

   vii.   Plaintiff's claims against Felix.

  viii.   Plaintiff's claim against Kerns-Barr for violation of his procedural due process rights.

5. It is recommended that the Court **GRANT** Defendants Michael Weisner, Stanley Stanish, and Jennifer Daya's ("Medical Defendants") motion to dismiss (Doc. 57) **without prejudice**, and **with leave to amend his Complaint as to these Defendants and Corizon Health Care Services** as to his Eight Amendment claim and medical malpractice and negligence claim.

6. It is recommended that the Court, if granting Plaintiff leave to file an amended complaint against those Defendants and as to those claims identified in paragraphs 4 and 5, direct Plaintiff to file <u>one</u> Amended Complaint, that must be complete in all respects as to all Defendants and claims allowed to remain in the case.

7. It is recommended that the Court **DENY** Plaintiff's motion to supplement the complaint. (Doc. 72; Doc. 73). Specifically, it is recommended that the Court **DENY** Plaintiff's motion to supplement any claims against Medical Defendants Weisner, Stanish, Daya, or Corizon Health Care Services in light of the recommendation that Plaintiff be given leave to amend his complaint against the Medical Defendants, and it is recommended that the Court **DENY** Plaintiff's motion to file a supplemental complaint against Mutual Pharmaceuticals; OHM Laboratories, Inc.; Diamond Pharmacy Services; and Aurobindo Pharma USA, Inc.

8. It is recommended that the Court **GRANT** in part, **DENY** in part Plaintiff's motion for a sixty (60) day extension of time to file a certificate of merit. (Doc. 73). Specifically, it is recommended that Plaintiff's motion for an extension of time to file a certificate of merit against Mutual Pharmaceuticals; OHM Laboratories, Inc.; Diamond Pharmacy Services;

and Aurobindo Pharma USA, Inc. be **DENIED as MOOT**, and it is further recommended that Plaintiff's motion for an extension of time to file a certificate of merit with respect to Defendants Daya, Weisner, and Stanish, be **GRANTED** to the extent Plaintiff is directed to file a certificate of merit concurrently with the amended complaint should the District Court grant leave to file the same.

9. It is recommended that Plaintiff's request for forms be **DENIED**.

10. It is recommended that this matter be remanded to the undersigned magistrate judge for further proceedings.


**Dated: June 5, 2014**                                    *s/ Karoline Mehalchick*
                                                   **KAROLINE MEHALCHICK**
                                                   **United States Magistrate Judge**

25

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

CARL T. STEWART, JR., a/k/a CARL
BURTON,

              Plaintiff,

      v.

DAVID A. VARANO, et al.,

              Defendants

CIVIL ACTION NO. 1:13-CV-02518

(RAMBO, J.)
(MEHALCHICK, M.J.)

**NOTICE**

      **NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **June 5, 2014**.

      Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Dated: June 5, 2014

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**