# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

CARL T. STEWART, JR., a/k/a CARL BURTON,

    Plaintiff,

v.

DAVID A. VARANO, et al.,

    Defendants

CIVIL ACTION NO. 1:13-CV-02518

( RAMBO, J.)
(MEHALCHICK, M.J.)

## **MEMORANDUM**

This case involves a *pro se* plaintiff, Carl T. Stewart, Jr., who has filed the above-captioned civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). Currently pending before the Court are: Plaintiff's motions for appointment of counsel (Doc. 37; Doc. 62; Doc. 73; Doc. 84);[1,2] Plaintiff's motion to join parties (Doc. 30); Plaintiff's motion to file a sur-reply brief (Doc. 84); and Plaintiff's motion for a docket sheet (Doc. 37).

I. DISCUSSION

    A. PLAINTIFF'S MOTIONS FOR APPOINTMENT OF COUNSEL (DOC. 37; DOC. 62; DOC. 73; DOC. 84)

Although prisoners have no constitutional or statutory right to appointment of counsel in a civil case, *Parham v. Johnson*, 126 F.3d 454, 456–57 (3d Cir. 1997), the court has discretion to request "an attorney to represent any person unable to afford counsel." 28

---

[1] As part of Plaintiff's motion to appoint counsel (Doc. 37), Plaintiff also moved for default judgment. That motion has been addressed by a Report & Recommendation filed as Doc. 87 on June 2, 2014.

[2] As part of Plaintiff's motions to appoint counsel (Doc. 73 and Doc. 84), Plaintiff seeks to file a supplemental complaint and for an extension of time to file a certificate of merit. These motions have been addressed by a Report & Recommendation filed as Doc. 88 on June 5, 2014.

U.S.C. § 1915(e)(1); *see also* Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002); Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993). The district court's appointment of counsel is discretionary and must be made on a case-by-case basis. Tabron, 6 F.3d at 157–58.

The United States Court of Appeals for the Third Circuit has stated that appointment of counsel for an indigent litigant should be made when circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984). The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case has some arguable merit in fact and law. Montgomery, 294 F.3d at 499. If a plaintiff overcomes this threshold hurdle, other factors to be examined are:

> (1) the plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the claimant to pursue investigation; (4) the plaintiff's capacity to retain counsel on his or her own behalf; (5) the extent to which the case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses.

Montgomery, 294 F.3d at 499 (citing Tabron, 6 F.3d at 155–57). Additionally, another practical consideration must be taken into account when considering a motion for appointment of counsel. As the Third Circuit has observed,

> [W]e must take note of the significant practical restraints on the district courts' ability to appoint counsel: the ever-growing number of prisoner civil rights actions filed each year in the federal courts; the lack of funding to pay appointed counsel; and the limited supply of competent lawyers who are willing to undertake such representation without compensation. We have no doubt that there are many cases in which district courts seek to appoint counsel but there is simply none willing to accept appointment. It is difficult

2

to fault a district court that denies a request for appointment under such circumstances.

*Tabron*, 6 F.3d at 157.

In analyzing these factors, the Court concludes that counsel should not be appointed in this case at the present time. The question of whether Plaintiff's claims have arguable legal merit has not yet been assessed. It would be inappropriate to appoint counsel until the Court has the opportunity to complete a legal merits analysis in this matter. Moreover, the plaintiff's complaint (Doc. 1) indicates that he has the ability to present facts and issues to the court without the assistance of an attorney. Plaintiff is literate and able to communicate his thoughts to the Court. Based on the foregoing, it does not appear that Plaintiff will suffer prejudice if forced to prosecute this case on his own. The Court's duty to construe *pro se* pleadings liberally, *see Haines v. Kerner*, 404 U.S. 519 (1972), coupled with Plaintiff's apparent ability to litigate this action, weigh against the appointment of counsel. Hence, the Court will deny Plaintiff's motions for appointment of counsel. In the event, however, that future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or upon motion of Plaintiff.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motions for appointment of counsel (Doc. 37; Doc. 62; Doc. 73; Doc. 84) are **DENIED**. If further proceedings demonstrate the need for counsel, the matter will be reconsidered either *sua sponte* or upon motion of Plaintiff.

B.  PLAINTIFF'S MOTION TO JOIN DEFENDANTS SCHOOLEY AND SHIPE (DOC. 30)

On December 23, 2013, Plaintiff filed a motion to join Vanessa Schooley and Lieutenant Shipe as defendants to his complaint. (Doc. 30). A review of the complaint indicates that Schooley and Shipe were named as defendants in the complaint; however, they are not listed in the caption of the complaint. Paragraphs 27 and 38 of the complaint explicitly state that Schooley and Shipe are named defendants. (Doc. 1, ¶¶ 27, 38).

A document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). In liberally construing the instant complaint, it is clear that Plaintiff named both Schooley and Shipe as defendants and they are currently parties to the complaint. As such, Plaintiff's motion to join these parties will be **DENIED** as moot. (Doc. 30). As Defendants Schooley and Shipe are already named as defendants in this action, the Clerk of Court will be directed to issue process to the United States Marshal, who shall serve Plaintiff's complaint (Doc. 1) upon Defendants Schooley and Shipe in accordance with Rule 4 of the Federal Rules of Civil Procedure so that they may respond to Plaintiff's claims. Additionally, the Clerk will be directed to add Defendants Schooley and Shipe to the docket sheet.

4

C. PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME TO FILE A SUR-REPLY BRIEF (DOC. 84)

On May 29, 2014, Plaintiff filed a motion for an extension of time to respond to Defendants' motion to dismiss. (Doc. 84). He does not specify which motion to dismiss, but references Attorney Cassidy, who is counsel for Defendant Karen Kaskie. Plaintiff has properly filed a brief in opposition to all currently pending motions to dismiss. On May 8, 2014, Defendant Kaskie filed a reply brief in support of her motion to dismiss. (Doc. 82). To the extent Plaintiff seeks an extension of time to file a sur-reply brief, Plaintiff's motion for an extension of time to file a sur-reply brief is denied. (Doc. 84). Plaintiff has not requested leave to file a sur-reply brief with this Court and no further briefs may be filed without leave of court. *See* L.R. 7.7. As such, Plaintiff's motion for an extension of time (Doc. 84) is **DENIED**.

D. PLAINTIFF'S MOTION FOR A DOCKET SHEET (DOC. 37)

Plaintiff requests a copy of the docket sheet in this matter. (Doc. 37). The Clerk is **DIRECTED** to mail a copy of the docket sheet to Plaintiff.

An appropriate Order will follow.

BY THE COURT:

Dated: June 5, 2014

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**