IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CARL STEWART,** a/k/a **CARL BURTON,** : <br> : <br> **Plaintiff** : <br> : <br> v. : <br> : <br> **SUPERINTENDENT DAVID A. VARANO,** *et al.*, : <br> : <br> **Defendants** : | CIVIL NO. 1:13-CV-2518 <br><br> **(Judge Rambo)** <br><br> **(Magistrate Judge Mehalchick)** |

# **O R D E R**

Before the court is a June 2, 2014, report and recommendation of the magistrate judge (Doc. 87) and a June 5, 2014, report and recommendation of the magistrate judge (Doc. 88). Plaintiff was granted two extensions of time to file objections to the reports and recommendations (*see* Docs. 96 and 99). The last extension expired August 15, 2014, and to date no objections have been filed.

Upon review of the record and applicable law, **IT IS HEREBY ORDERED THAT:**

    1) The court adopts the June 2, 2014 report and recommendation of the magistrate judge (Doc. 87) as follows:

        a) Plaintiff's motions for injunctive relief related to his confinement at SCI-Coal Township (Docs. 16 & 31) are **DENIED**; and

        b) Plaintiff's motions for default judgment (Docs. 37 & 60) are deemed improperly filed and are **DENIED**.

    2) The court adopts in part the recommendations contained in the June 5, 2014 report and recommendation of the magistrate judge (Doc. 88), as follows:

  a) The Department of Corrections Defendants' motion to dismiss (Doc. 35) is **GRANTED with prejudice** as to Plaintiff's claims arising out of his grievances against Defendants David A. Varano, Kerri Moore, Trish Kelley, Christ T. Yackiel, Anthony Luscavage, and Kandis Dascini for lack of personal involvement.

  b) The Department of Corrections Defendants' motion to dismiss (Doc. 35) is **GRANTED with prejudice** as to Plaintiff's claim against Michael Farrell related to Plaintiff's prison employment.

  c) The Department of Corrections Defendants' motion to dismiss (Doc. 35) is **GRANTED without prejudice** and with leave to amend the complaint as to:

   i) Plaintiff's claim against Defendant David A. Varano for harassment;

   ii) Plaintiff's claims against Defendants Vincent Mooney, Mike Miller, Jeffrey Beard, John E. Wetzel, George Miller, Dorina Varner, and Waldman;

   iii) Plaintiff's claims against John P. Sidler and Charles Custer;

   iv) Plaintiff's claims against Novalis, Brownawell, and Wiseman for their role in a medical examination;

   v) Plaintiff's claims against Symon for "covering up" an incident where metal was found in Plaintiff's meal;

   vi) Plaintiff's claims against George Burns;

   vii) Plaintiff's claims against Felix; and

   viii) Plaintiff's claim against Kerns-Barr for violation of his procedural due process rights.

  d) The motion to dismiss of Defendants Michael Weisner, Stanley Stanish, and Jennifer Kaya ("Medical Defendants") (Doc. 57) is **GRANTED without prejudice** and with leave to amend the complaint as to these Defendants and Corizon Health Care Services as to Plaintiff's Eighth Amendment claim and malpractice and negligence claims.

  e) The amended complaint permitted as to the claims and the defendants identified above in paragraphs (2)(c) and (2)(d) shall be complete in all respects as to all defendants and all claims allowed to remain in this case.  It shall be a new pleading which stands by itself as

an adequate complaint without reference to the complaint already filed. Soto v. Jeffes, M.D. Pa. Civil No. 76-1155 (Memorandum and Order, Nealon, C.J., March 9, 1977), at 3.  The amended complaint shall also be "simple, concise, and direct" as required by the Rules of Civil Procedure.  Fed. R. Civ. P. 8(e)(1).  The amended complaint shall also have attached thereto a certificate of merit in support of Plaintiff's medical malpractice/negligence claims or otherwise a statement as to why an expert should be excused.  **Said amended complaint shall be filed no later than October 20, 2014**.

      f) Plaintiff's motion to supplement the complaint against Medical Defendants Weisner, Stanish, Daya or Corizon Health Care Services (Doc. 72) is **DENIED** in light of the fact that Plaintiff has been granted leave to amend the complaint against these defendants.

      g) Plaintiff's motion to file a supplemental complaint against Mutual Pharmaceuticals; OHM Laboratories, Inc.; Diamond Pharmacy Services; and Aurobindo Pharma USA, Inc. (Doc. 72) is **DENIED**; nor shall Defendant add these entities in any amended complaint.

      h) The recommendation of the magistrate judge that Karen Kaskie's motion to dismiss (Doc. 33) be granted without prejudice but without leave to amend based on Plaintiff's failure to exhaust administrative remedies is rejected only as to the recommendation that dismissal be without prejudice.  The motion (Doc. 33) is **GRANTED** and Karen Kaskie is dismissed with prejudice.

      i) Plaintiff's request for forms is denied.

3) This case is remanded to Magistrate Judge Mehalchick.

                                        s/Sylvia H. Rambo
                                        United States District Judge

Dated:  August 20, 2014.