**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CARL T. STEWART, JR., <br><br> Plaintiff, <br><br> v. <br><br> SUPT. DAVID A. VARANO, et al., <br><br> Defendants. | CIVIL ACTION NO. 1:13-CV-02518 <br><br> (RAMBO, J.) <br> (MEHALCHICK, M.J.) |

**REPORT AND RECOMMENDATION**

This matter comes before the Court upon the Plaintiff's Motion for a Preliminary Injunction and Temporary Restraining Order. (Doc. 125). For the reasons stated herein, it is recommended that the motion be denied.

**I. BACKGROUND**

On October 7, 2013, the Court received and filed a complaint against the Defendants in which *pro se* Plaintiff Carl T. Stewart alleged a violation of his constitutional rights against forty-five (45) defendants, and requested injunctive relief as well as an award of damages pursuant to 28 U.S.C. § 1983. (Doc. 1). Stewart is a state prisoner currently incarcerated at SCI-Greene in Waynesburg, Pennsylvania, located in Indiana, Pennsylvania. The allegations that give rise to his complaint occurred while Stewart was incarcerated at SCI-Coal Township. On August 20, 2014, the Court dismissed various claims against twenty-six (26) defendants without prejudice and granted Stewart leave to amend his complaint. (Doc. 101). In his amended complaint, Stewart alleges that Defendants Corizon Health Care Services, Jennifer Daya, Stanley Stanish, and Michael Weisner provided him with allegedly inadequate medical treatment for Hepatitis C which resulted in an allergic reaction. (Doc. 113).

On March 5, 2015, the Court received and filed the instant motion for a preliminary injunction. (Doc. 125). By this motion, Stewart requests that this Court enter an order directing that he be transferred to federal custody on the basis that prison officials at SCI-Greene have failed to provide him with his boxes of legal materials, which he contends are necessary in order for him to complete the interrogatories sent by counsel for the Defendants in a timely manner. He also argues that he believes that someone is attempting to deduct money from his prison inmate account without his authorization. (Doc. 125). On March 9, 2015, Defendants Dr. Michael Weisner, Dr. Stanley Stanish and P.A. Jennifer Daya, filed a brief in opposition to Plaintiff's motion for preliminary injunction, in which they argue that the motion for preliminary injunction should be denied because the named medical defendants in this action have no control over Stewart's legal property (Doc. 128).

## II. DISCUSSION

Preliminary injunctive relief is extraordinary in nature and should issue in only limited circumstances. *See Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1426–27 (3d Cir. 1994). Moreover, issuance of such relief is at the discretion of the trial judge. *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Chamberlain*, 145 F. Supp. 2d 621, 625 (M.D. Pa. 2001). In determining whether to grant a motion seeking preliminary injunctive relief, courts in the Third Circuit consider the following four factors: "(1) likelihood of success on the merits; (2) irreparable harm resulting from denial of the relief; (3) the harm to the non-moving party if relief is granted; and (4) the public interest." *United States v. Bell*, 238 F. Supp. 2d 696, 699 (M.D. Pa. 2003). It is the moving party who bears the burden of satisfying these factors. *Bell*, 238 F. Supp. 2d at 699. "Only if the movant produces evidence sufficient to convince the trial

judge that all four factors favor preliminary relief should the injunction issue." *Opticians Ass'n of Am. v. Indep. Opticians of Am.*, 920 F.2d 187, 192 (3d Cir. 1990).

A court issues a preliminary injunction or temporary restraining order to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the merits of the claims presented in the case. Specifically, "there must be 'a relationship between the injury claimed in the party's motion [for a preliminary injunction] and the conduct asserted in the complaint.'" *Ball v. Famiglio*, 396 Fed. App'x 836, 837 (3d Cir. 2010)(citations omitted). Thus, "a court may not grant an injunction when the issues raised in the motion are entirely different from those raised in the complaint." *Jones v. Taylor*, No. 3:12cv487, 2013 WL 1899852, at *2 (M.D. Pa. May 7, 2013) (citing *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220–23 (1945)); *see also Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir. 1997) ("A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit.") (citing *DeBeers*, 325 U.S. at 220); *Dopp v. Jones*, No. CIV-12-703-HE, 2012 WL 7192503, at *1 (W.D. Okla. Sept. 19, 2012) ("A preliminary injunction involves intermediate relief of the same character as that which may be finally granted.") (citing *DeBeers*, 325 U.S. at 220) (footnote omitted). In sum, a federal district court lacks jurisdiction over claims raised in a motion for injunctive relief where those matters unrelated to the underlying complaint. *Raupp v. Fed. Bureau of Prisons*, No. 06-223, 2006 WL 3332089, at *2 (W.D. Pa. Nov. 16, 2006).

Based on these authorities, it is clear that the Court lacks the authority to grant Stewart's requested injunctive relief. The alleged deprivation of his legal materials by staff at SCI-Greene is entirely unrelated to Eighth Amendment deliberate indifference claims against officials at SCI-Coal Township. To the extent that the nature of his accommodations interferes with his

ability to adequately prepare litigation papers in a timely fashion, a more appropriate remedy would be to request an extension of time whenever more time is needed to comply with a case management deadline. *See generally* Fed. R. Civ. P. 6(b). Accordingly, it is recommended that Plaintiff's motion for injunctive relief (Doc. 125) be denied.

### III.   RECOMMENDATION

Based on the foregoing, it is recommended that the Plaintiff's Motion for a Preliminary Injunction. (Doc. 125) be **DENIED**.

BY THE COURT:

Dated: March 9, 2015

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARL T. STEWART, JR., <br><br> Plaintiff, <br><br> v. <br><br> SUPT. DAVID A. VARANO, et al., <br><br> Defendants. | CIVIL ACTION NO. 1:13-CV-02518 <br><br> (RAMBO, J.) <br> (MEHALCHICK, M.J.) |

### NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **March 9, 2015**. Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**Dated: March 9, 2015**

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**