UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARL T. STEWART, JR.,<br>(a/k/a CARL T. BURTON,)<br><br>Plaintiff,<br><br>v.<br><br>SUPT. DAVID A. VARANO, et al.,<br><br>Defendants. | CIVIL ACTION NO. 1:13-CV-2518<br><br>(RAMBO, J.)<br>(MEHALCHICK, M.J.) |

**REPORT AND RECOMMENDATION**

This matter comes before the Court upon the Plaintiff's motions for a temporary restraining order. (Doc. 148; Doc. 152). For the reasons stated herein, it is recommended that the motion be denied.

**I.  BACKGROUND**

On October 7, 2013, the Court received and filed a complaint against the Defendants in which *pro se* Plaintiff Carl T. Stewart alleged a violation of his constitutional rights against forty-five (45) defendants, and requested injunctive relief as well as an award of damages pursuant to 28 U.S.C. § 1983. (Doc. 1). Stewart is a state prisoner currently incarcerated at SCI-Greene in Waynesburg, Pennsylvania, located in Indiana, Pennsylvania. The allegations that give rise to his complaint occurred while Stewart was incarcerated at SCI-Coal Township. On August 20, 2014, the Court dismissed various claims against twenty-six (26) defendants without prejudice and granted Stewart leave to amend his complaint. (Doc. 101). In his amended complaint, Stewart alleges that Defendants Corizon Health Care Services, Jennifer Daya, Stanley Stanish, and Michael Weisner provided him with allegedly inadequate medical treatment for Hepatitis C which resulted in an allergic reaction. (Doc. 113).

On June 18, 2015, and again on July 10, 2015, Stewart filed motions for a preliminary injunction. (Doc. 148; Doc. 152). In these motions, Stewart requests that this Court enter an order directing that he be "remove[d] . . . from his harmful conditions" (Doc. 148, at 2), and "examined by a[n] outside physician" (Doc. 152, at 2), on the basis that prison officials at SCI-Greene have: failed to provide him with adequate treatment for his Hepatitis C diagnosis; denied his request for reassignment to a top bunk; subjected him to unsanitary living conditions; confiscated his legal materials; deprived him of access to his medical records; refused to include certain attorneys' contact information to his authorized contact list; failed to send his legal mail; and issued a fabricated misconduct report resulting in the reduction of his telephone privileges. (Doc. 152, at 1).

## II. DISCUSSION

Preliminary injunctive relief is extraordinary in nature and should only issue in limited circumstances. *See Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1426–27 (3d Cir. 1994). Moreover, issuance of such relief is at the discretion of the trial judge. *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Chamberlain*, 145 F. Supp. 2d 621, 625 (M.D. Pa. 2001). In determining whether to grant a motion seeking preliminary injunctive relief, courts in the Third Circuit consider the following four factors: "(1) likelihood of success on the merits; (2) irreparable harm resulting from denial of the relief; (3) the harm to the non-moving party if relief is granted; and (4) the public interest." *United States v. Bell*, 238 F. Supp. 2d 696, 699 (M.D. Pa. 2003). It is the moving party who bears the burden of satisfying these factors. *Bell*, 238 F. Supp. 2d at 699. "Only if the movant produces evidence sufficient to convince the trial judge that all four factors favor preliminary relief should the injunction issue." *Opticians Ass'n of Am. v. Indep. Opticians of Am.*, 920 F.2d 187, 192 (3d Cir. 1990).

In addition, certain legal tenants further limit the power of the court to enter an injunction in a correctional context. Specifically, an injunction may only be enforced against the parties to the action, its officers, and others acting in concert with them.   Fed.R.Civ.P. 65(d)(2). Similarly, a sufficient nexus must exist "between the injury claimed in the party's motion [for a preliminary injunction] and the conduct asserted in the complaint.'" *Ball v. Famiglio*, 396 Fed. App'x 836, 837 (3d Cir. 2010)(citations omitted). Thus, "a court may not grant an injunction when the issues raised in the motion are entirely different from those raised in the complaint." *Jones v. Taylor*, No. 3:12cv487, 2013 WL 1899852, at *2 (M.D. Pa. May 7, 2013) (citing *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220–23 (1945)); *see also Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir. 1997) ("A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit.") (citing *DeBeers*, 325 U.S. at 220); *Dopp v. Jones*, No. CIV-12-703-HE, 2012 WL 7192503, at *1 (W.D. Okla. Sept. 19, 2012) ("A preliminary injunction involves intermediate relief of the same character as that which may be finally granted.") (citing *DeBeers*, 325 U.S. at 220) (footnote omitted).

In reviewing the amended complaint and the motion papers, it is clear that the Court lacks the authority to grant Stewart's requested injunctive relief. First, Stewart's motion necessarily seeks to enjoin numerous individuals who are not parties to the instant lawsuit; namely, prison officials at SCI-Greene.  Indeed, Stewart's amended complaint names various health care personnel associated with SCI-Coal Township, whereas the instant motion seeks an injunction against employees at SCI-Greene.  Thus, Stewart's motion runs afoul of the "general rule that a court may not enter an injunction against a person who has not been made a party to the case before it." *Additive Controls & Measurement Sys., Inc. v. Flowdata, Inc.,* 96 F.3d 1390, 1394 (Fed.Cir.1996) (citing *Scott v. Donald,* 165 U.S. 107, 117 (1897) ("The decree is also

3

objectionable because it enjoins persons not parties to the suit.")). Second, the motion concerns a different set of factual circumstances than those in the amended complaint. The amended complaint sets forth an Eighth Amendment deliberate indifference claim against health care personnel at SCI-Coal Township, while the present motion for a preliminary injunction seeks redress for unsanitary prison conditions, inadequate medical care, and improper handling of Stewart's legal materials, purportedly occurring at an entirely separate facility. These matters are wholly unrelated to the allegations set forth in the amended complaint.

Thus, as Stewart has failed to provide a sufficient basis to warrant preliminary injunctive relief, it is respectfully recommended that his motions for preliminary injunctive relief be denied. (Doc. 148; Doc. 152). If Stewart wishes to bring a civil action to challenge the conduct he seeks to enjoin in his motion, he may do so by filing a separate action against the appropriate individuals.

### III.    RECOMMENDATION

Based on the foregoing, it is respectfully recommended that the motions for preliminary injunctive relief (Doc. 148; Doc. 152), be **DENIED**.

BY THE COURT:

Dated: July 28, 2015

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARL T. STEWART, JR.,<br>(a/k/a CARL T. BURTON,)<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>SUPT. DAVID A. VARANO, et al.,<br><br>　　　　Defendants. | CIVIL ACTION NO. 1:13-CV-2518<br><br>(RAMBO, J.)<br>(MEHALCHICK, M.J.) |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **July 28, 2015**. Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Dated: July 28, 2015　　　　　　　　　　　　　　　　　*s/ Karoline Mehalchick*
　　　　　　　　　　　　　　　　　　　　　　　　　　**KAROLINE MEHALCHICK**
　　　　　　　　　　　　　　　　　　　　　　　　　　**United States Magistrate Judge**