UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARL T. BURTON, *(aka Carl T. Stewart Jr.)*, <br><br> Plaintiff, <br><br> v. <br><br> DAVID A. VARANO, et al., <br><br> Defendants. | CIVIL ACTION NO. 1:13-CV-02518 <br><br> (RAMBO, J.) <br> (MEHALCHICK, M.J.) |

**REPORT AND RECOMMENDATION**

This matter is before the Court upon a motion for summary judgment filed on November 11, 2015 by Corizon Health Care Services, Jennifer Daya, Stanley Stanish, and Michael Weisner— the remaining Defendants in this above-captioned 42 U.S.C. § 1983 action. (Doc. 165). Upon due consideration of the arguments raised by the parties in their respective briefs, for the reasons provided herein, it is respectfully recommended that summary adjudication be entered in favor of these Defendants and that this case be closed.

**I. BACKGROUND**

A. PROCEDURAL HISTORY

This 42 U.S.C. § 1983 civil rights action was initiated upon the filing of a complaint in this matter on October 7, 2013 by *pro se* Plaintiff Carl T. Stewart Jr., an inmate currently incarcerated at the State Correctional Institution at Greene in Waynesburg, Pennsylvania. In his original complaint, Stewart asserted several violations of his rights under the First, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution against forty-five (45) former and current employees of the Department of Corrections and health care providers contracted by the State Correctional Institution at Coal Township, Pennsylvania ("SCI-Coal

Township"). (Doc. 1). Together with his complaint, Stewart filed a motion to proceed *in forma pauperis* (Doc. 3), which this Court granted in an Order dated October 23, 2013. (Doc. 10). In that same Order, the Court directed service of Stewart's complaint upon Defendants. (Doc. 10). Shortly thereafter, Defendants moved for dismissal of Stewart's complaint through the filing of three separate motions to dismiss, which were granted by the District Court in an Order dated August 20, 2014 upon the recommendation of the undersigned.[1] In conjunction with its adoption of the undersigned's Report and Recommendation as to Defendants' motions to dismiss, the District Court permitted Stewart leave to file an amended complaint. (Doc. 88; Doc. 101).

In accordance with the District Judge's directives, Stewart filed an amended complaint on December 8, 2014, confining the claims for which he was originally seeking redress to an Eighth Amendment and Fourteenth Amendment claim and a pendent state law claim against the contracted medical service provider Defendant Corizon Health Care Services and its employees, Defendants Michael Weisner, Stanley Stanish, and Jennifer Daya. (Doc. 113). The factual allegations forming the basis of this operative pleading concern the medical treatment Stewart received while incarcerated at SCI-Coal Township. Specifically, Stewart asserts that Defendants exhibited deliberate indifference to his serious medical needs by purportedly

---

[1] The District Judge rejected the Report and Recommendation only with regard to the undersigned's recommendation that Stewart be afforded leave to amend his complaint to assert claims against one Department of Corrections Defendant that it had dismissed from this action due to Stewart's failure to exhaust his administrative remedies. Specifically, the District Judge determined that while the motion to dismiss should be granted without prejudice, Stewart should not be permitted leave to amend his complaint with respect to that one Defendant. (Doc. 101, at 3).

misdiagnosing and rendering ineffective medical treatment for an allergic reaction caused by his Hepatitis C prescriptions, resulting in extensive injuries to his groin, gums, and mouth. (Doc. 113, at 3).

On November 11, 2015, remaining Defendants collectively filed a motion for summary judgment (Doc. 165), together with a statement of facts (Doc. 166), supporting brief (Doc. 167), and relevant exhibits, including sworn declarations and the progress notes from Stewart's medical chart (Doc. 166). In this motion, Defendants invite the Court to grant summary adjudication in their favor as a matter of law on the basis that the evidentiary material appended to their dispositive motion establishes that Stewart received continued access to medical care. On May 11, 2016, after having received an extension of time in order to obtain certain requested discovery, Stewart filed a brief in opposition to Defendants' motion for summary judgment. (Doc. 191). To date, no reply brief has been filed. *See* L.R. 7.7. Accordingly, this matter is now ripe for adjudication on the merits.

**II.   STANDARDS OF REVIEW**

A.   *SUA SPONTE* DISMISSAL STANDARD

Under 28 U.S.C. § 1915A, the Court is obligated to screen a civil complaint in which a prisoner is seeking redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); *James v. Pa. Dep't of Corr.*, 230 F. App'x 195, 197 (3d Cir. 2007) (not precedential). The Court must dismiss the complaint if it "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). The Court has a similar obligation with respect to actions brought *in forma pauperis* and actions concerning prison conditions. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); 42 U.S.C. § 1997e(c)(1). *See generally Banks v. Cnty. of Allegheny*, 568 F. Supp. 2d 579, 587–89 (W.D. Pa. 2008) (summarizing prisoner litigation screening

procedures and standards). "The [C]ourt's obligation to dismiss a complaint under [these] screening provisions is not excused even after defendants have filed a motion to dismiss." *Banks,* 568 F. Supp. 2d at 589. In performing this screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010); *Banks*, 568 F. Supp. 2d at 588.

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The United States Court of Appeals for the Third Circuit has noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), continuing with our opinion in *Phillips* [*v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008)] and culminating recently with the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 209–10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). A court "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court need not assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated*

*Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). In order to state a valid cause of action a plaintiff must provide some factual grounds for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When ruling on a motion to dismiss, a trial court must assess whether a complaint states facts upon which relief can be granted, and should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Additionally, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

B. SUMMARY JUDGMENT STANDARD

To prevail on a motion for summary judgment, the moving party must show that "there

is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if proof of its existence or nonexistence might affect the outcome of the suit under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where there is no material fact in dispute, the moving party need only establish that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Where, however, there is a disputed issue of material fact, summary judgment is appropriate only if the factual dispute is not a genuine one. *Anderson*, 477 U.S. at 248. An issue of material fact is genuine if "a reasonable jury . . . could find for the nonmoving party." *Childers v. Joseph*, 842 F.2d 689, 693-94 (3d Cir. 1988). A federal court should grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Farrell v. Planters Lifesavers Co.,* 206 F.3d 271, 278 (3d Cir. 2000). In making this determination, "a court must view the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor." *Armbruster v. Unisys Corp.*, 32 F.3d 768, 777 (3d Cir. 1994). The Court need not accept mere conclusory allegations, whether they are made in the complaint or a sworn statement. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). In deciding a motion for summary judgment, the court's function is not to make credibility determinations, weigh evidence, or draw inferences from the facts. *Anderson*, 477 U.S. at 249. Rather, the court must simply "determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

**III.   DISCUSSION**

   A.   EFFECT OF FILING AN AMENDED COMPLAINT

As a matter of law, an amended complaint takes the place of any previously filed complaints, effectively invalidating them, unless the amended complaint specifically refers to or adopts the earlier pleading. *Crysen/Montenay Energy Co. v. Shell Oil Co. (In re Crysen/Montenay Energy Co.)*, 226 F.3d 160, 162 (2d Cir. 2000) ("[A]n amended pleading ordinarily supersedes the original and renders it of no legal effect."); *see* 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1476 (2d ed. 1990) ("A pleading that has been amended . . . supersedes the pleading it modifies. . . . Once an amended pleading is interposed, the original pleading no longer performs any function in the case . . . ."). As described above, on August 20, 2014, the District Judge granted Defendants' motions to dismiss Stewart's complaint without prejudice to him filing an amended complaint. In that Order, Stewart was advised that an amended complaint must be a pleading that stands by itself without reference to the original complaint. (Doc. 101). In accordance with that Order, Stewart filed an amended complaint on December 8, 2014. (Doc. 113). While Stewart's original complaint included claims against Defendants David A. Varano, Vincent Mooney, Mike Miller, Jeffrey Beard, John E. Wetzel, George Miller, Dorina Varner, Waldman, John P. Sidler, Charles Custer, Novalis, Brownawell, Wiseman, Symon, George Burns, Felix, and Kerns-Barr, Stewart has voluntarily forgone these claims against these Defendants, as they neither appear in the caption of the amended complaint, nor are referenced in the body of the amended complaint. Further, Stewart's comprehensive amended complaint does not specifically reference or adopt a previously-filed complaint. Accordingly, Defendants David A. Varano, Vincent Mooney, Mike Miller, Jeffrey Beard, John E. Wetzel, George Miller, Dorina Varner, Waldman, John P.

Sidler, Charles Custer, Novalis, Brownawell, Wiseman, Symon, George Burns, Felix, and Kerns-Barr must be terminated from this action, as they have been effectively omitted from the amended complaint.

    B. CLAIMS AGAINST MICHAEL WEISNER, STANLEY STANISH, AND JENNIFER DAYA

In this § 1983 civil rights action, Stewart asserts a deprivation of his constitutional rights secured by the Eighth and Fourteenth Amendments against Michael Weisner, Stanley Stanish, and Jennifer Daya—medical providers employed by Corizon Health Care Services—for their alleged failure to provide him with adequate medical treatment for an allergic reaction triggered by the Hepatitis C medications prescribed to him. Among his allegations are that Defendant Physician Assistant Daya purposefully administered certain Hepatitis C medications to Stewart knowing that he would develop an allergic reaction to them and refused to accommodate Stewart's requests to refer him to a doctor, and that Defendants Doctors Weisner and Stanish failed to accurately diagnose his condition as an allergic reaction. Specifically, Stewart asserts that Doctors Weisner and Stanish neglected to order any lab test to rule out diabetes and yeast infection as possible diagnoses, provide him with any medications to alleviate his discomfort, or schedule a follow-up appointment, despite observing his "deteriorating condition"—*i.e.*, the sores and blisters that had developed on his genital region— when he presented at sick call in March and April of 2012 with symptoms of an allergic reaction to the Hepatitis C medications prescribed to him by Defendant Physician Assistant Daya.

As an initial matter, Stewart has improperly brought claims under both the Eighth *and* Fourteenth Amendments. Indeed, "because the Eighth Amendment provides an explicit source of protection for deliberate indifference to serious medical needs, Plaintiff's claim is preempted by the Eighth Amendment and should not be analyzed as a substantive due process claim under

the Fourteenth Amendment." *Sadelmyer v. Peltzer*, No. 2: 12-CV-1785, 2013 WL 4766517, at *6 (W.D. Pa. Sept. 4, 2013). Accordingly, Stewart's Fourteenth Amendment claim fails as a matter of law. Thus, this Court proceeds to evaluating Defendants' motion for summary judgment on Stewart's Eighth Amendment claim.

The Eighth Amendment prohibits "unnecessary and wanton infliction of pain," which includes "deliberate indifference to serious medical needs of prisoners." *Dennis v. Jensen*, No. 10–1486, 2013 WL 2245144, at *3 (M.D. Pa. May 20, 2013) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976)). To survive a motion for summary judgment, a plaintiff must demonstrate the existence of "(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003); *see also West v. Keve*, 571 F.2d 158, 161 (3d Cir. 1978) ("This standard is two-pronged. It requires deliberate indifference on the part of prison officials and it requires the prisoner's medical needs to be serious.").

A serious medical need exists if failure to treat such condition would constitute a "denial of the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 824, 825 (1994). As the Third Circuit Court of Appeals has explained:

> [T]he concept of a serious medical need . . . has two components, one relating to the consequences of a failure to treat and one relating to the obviousness of those consequences. The [inmate's] condition must be such that a failure to treat can be expected to lead to substantial and unnecessary suffering, injury, or death. Moreover, the condition must be 'one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention.'

*Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1023 (3d Cir. 1991) (quoting *Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987)).

Deliberate indifference may be manifested by an "intentional refusal to provide medical care, delayed medical treatment for non-medical reasons, a denial of prescribed medical treatment, or a denial of reasonable requests for treatment that results in suffering or risk of injury." *Beckett v. Dep't of Corr.*, No. 10–0050, 2011 WL 4830787, at *11 (M.D. Pa. Oct. 12, 2011). However, prison medical authorities are given considerable latitude in the diagnosis and treatment of inmate patients. *Inmates of Allegheny Cnty. Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979). "[M]ere allegations of malpractice do not raise issues of constitutional import." *Lanzaro*, 834 F.2d at 346. Moreover, a difference in opinion between the prison medical staff and the inmate regarding the diagnosis or treatment received by the inmate does not constitute deliberate indifference. *Lanzaro*, 834 F.2d at 346; *Farmer v. Carlson*, 685 F. Supp. 1335, 1339 (M.D. Pa. 1988). Indeed, "medical malpractice, negligence, and courses of treatment inconsistent with the desires of the prisoner . . . do not constitute deliberate indifference to serious medical needs." *Lopez v. Corr. Med. Servs., Inc.*, 499 F. App'x 142, 146 (3d Cir. 2012) (not precedential) (citing *Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004)). A prison doctor's failure to perform additional diagnostic tests does not constitute cruel and unusual punishment. *See Estelle*, 429 U.S. at 107. The key question is whether the defendant has provided the inmate with some type of treatment, regardless of whether it is what the inmate desires. *Farmer*, 685 F. Supp. at 1339; *see, e.g., Brown v. Borough of Chambersburg,* 903 F.2d 274, 278 (3d Cir. 1990) ("[A]s long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights.").

Here, Defendants do not contest that Hepatitis C, or any resultant allergic reaction caused by ingesting medications prescribed for Hepatitis C, constitute a serious medical need. Rather, Defendants argue that they are entitled to summary judgment because the

uncontroverted evidence appended to their summary judgment motion demonstrates that Defendants were not deliberately indifferent to Stewart's serious medical condition. In support of their motion for summary judgment, Defendants proffer relevant portions of Stewart's medical chart and Defendant Physician Assistant Daya's[2] sworn declaration, wherein she submits the following chronology based upon her review of the progress notes from March through May of 2012 contained within Stewart's medical chart:

> 7. On March 14, 2012 Mr. Stewart was given antibiotics for a facial abscess. On March 20, 2012 he signed up for sick call stating he thinks he was allergic to the antibiotic he was prescribed on March 14, 2012 because he has a bump in his mouth and had discharge from his penis. The chart indicates that Mr. Stewart did sign up for sick call on March 18, 2012 and March 19, 2012 however, he refused both visits and he was verbally abusive towards the male provider. Based on my exam on March 20, 2012 (which was 6 days after the initial antibiotic prescription) . . . I concluded that he was not having an allergic drug reaction . . . . The discharge was from an abrasion on the skin of his penis which may have been the result of masturbation. However, the inmate needed an out of cell examination for better visualization.  The medical department was made aware and the inmate was scheduled for an out of cell exam. . . .
>
> 8. On March 22, 2012 Mr. Stewart was seen by Dr. Weisner who diagnosed Mr. Stewart's condition as balantitis (inflammation of the penis).[ ] He was treated with an antifungal ointment. . . .
>
> 9. I saw Mr. Stewart on March 26, 2012 and he continued to complain that "his penis was filling off". I examined him and noted that he had no fever and there was no discharge or signs of infection and treatment was to continue and no medication changes were made at that point. He was scheduled [for] follow up with the medical department. . . .
>
> 10. Mr. Stewart was seen by Dr. Stanish on March 30, 2012. At that time Mr. Stewart's penis was examined and he was given topical antibiotic ointment for the scabbing area to his penis. . . .

---

[2] Defendant Jennifer Daya has since changed her name to Jennifer Seroski. (*See* Doc. 166-1, at 1).

> 11. I saw Mr. Stewart on April 3, 2012. At that time he complained of a bump on his head and dry cracked skin on his penis. At that time I told him to continue to use the topical ointment to continue the healing process. . . .
>
> 12. On April 12, 2012 Dr. Stanish examined Mr. Stewart and noted that Mr. Stewart's penis was "healing well". The doctor diagnosed the condition as contact dermatitis and recommended continued use of the antibiotic ointment that was previously prescribed for Mr. Stewart. . . .
>
> 13. I saw Mr. Stewart on April 17, 2012. At that time his penis was completely healed. . . .
>
> (Doc. 166-1, at 6).

In opposition to Defendants' motion for summary judgment, Stewart submits the following evidentiary materials that he argues creates a genuine issue of material fact as to Defendants' deliberate indifference to his allergic reaction from the antibiotics prescribed to treat his Hepatitis C: (1) complete copies of his medical record (Doc. 191, at 19); (2) the sick call requests detailing his medical concerns (Doc. 191, at 48); (3) numerous inmate requests containing complaints of being denied appointments with Defendant Daya (Doc. 191, at 62); (4) an excerpt from an unspecified medical database describing the potential side effects of clindamycin (Doc. 191, at 89); (5) a copy of the Department of Corrections policy bulletin on the Prison Rape Elimination Act (Doc. 191, at 88); (6) a misconduct report issued to him for attempting to use the prison mail system to send his blood-stained underwear to an outside physician for diagnostic testing (Doc. 191, at 92); and (7) affidavits from other inmates who attest, among other things, to: personal instances of ineffective medical treatment they received from Defendant Daya; an occasion where Stewart refused treatment due to the purportedly inappropriate behavior of the corrections officer who was present during Defendant Daya's examination of Stewart; and the pain they witnessed Stewart suffer from the inflammation to his groin (Doc. 191, at 77).

Judged against the foregoing principles, and upon the Court's detailed assessment of the arguments raised in the parties' briefing and the extensive record before it, it is clear that summary judgment in favor of Defendants is appropriate as a matter of law, as the uncontroverted evidence contained within the record definitively forecloses the alleged constitutional violation giving rise to this action. Indeed, this Court can discern no instance where the medical treatment Stewart received amounted to deliberate indifference to a serious medical need. Quite the contrary, the record is replete with instances of remarkable attentiveness on the part of Defendants in affording Stewart ongoing clinical evaluation, diagnostic testing, and monitoring during the relevant time period for the inflammation to his groin, among his other medical complaints, and providing Stewart with a conservative course of medical treatment in the form of topical antifungal and antibiotic ointments that eventually proved effective. (See Doc. 191, at 19-46).

The documentary materials Stewart proffers in an effort to withstand Defendants' summary judgment motion do not create a genuine issue of material fact sufficient to preclude entry of summary judgment on his Eighth Amendment claim, but rather merely evince Stewart's disagreement with Defendants' independent medical diagnosis and the course of medical treatment derived from that diagnosis. As enumerated above, such frustration and dissatisfaction with a medical outcome resulting from Defendants' exercise of their medical judgment does not, alone, give rise to a viable Eighth Amendment claim. *See e.g., Gause v. Diguglielmo,* 339 F. App'x 132 (3d Cir. 2009) (not precedential) (finding that dispute over choice of medication does not rise to the level of an Eighth Amendment violation); *Innis v. Wilson,* 334 F. App'x 454 (3d Cir. 2009) (not precedential) (same); *Rozzelle v. Rossi,* 307 F. App'x 640 (3d Cir. 2008) (not precedential) (same); *Whooten v. Bussanich,* 248 F. App'x 324 (3d Cir. 2007) (not

precedential) (same); *Ascenzi v. Diaz,* 247 F. App'x 390 (3d Cir. 2007) (not precedential) (same). Indeed, in the context of prisoner medical care, the Constitution only requires that prisoners receive medical treatment; a prisoner is not guaranteed his choice of treatment, and courts frequently reject Eighth Amendment claims that are based upon the degree of professional care that an inmate received, as is the case here. *See Taylor v. Norris,* 36 F. App'x 228, 229 (8th Cir. 2002) (not precedential); *Abdul–Wadood v. Nathan,* 91 F.3d 1023, 1024–35 (7th Cir. 1996); *Sherrer v. Stephen,* 50 F.3d 496, 497 (8th Cir. 1994). Moreover, any attempt to second-guess the propriety or adequacy of a particular course of treatment is disavowed by courts, as that determination remains a question of sound professional judgment. *Inmates of Allegheny County Jail v. Pierce,* 612 F.2d 754, 762 (3d Cir. 1979) (quoting *Bowring v. Godwin,* 551 F.2d 44, 48 (4th Cir. 1977)); *see, e.g., Brown v. Borough of Chambersburg,* 903 F.2d 274, 278 (3d Cir. 1990) ("[A]s long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights."). As a corollary to this determination, even assuming, *arguendo*, that the record supported a finding that Defendants misdiagnosed Stewart as having balanitis rather than symptoms of an allergic reaction as he so claims, and that the treatment offered did not clear his allergic reaction quickly or completely, such evidence would only give rise to a claim of ordinary negligence, which is not actionable under the Eighth Amendment.[3]

---

[3] While Stewart asserts in his oppositional brief that his medical records were falsified and that Defendant Daya maliciously prescribed Stewart antibiotics for Hepatitis C with the intent to elicit an allergic reaction, Stewart offers no evidence whatsoever to corroborate these bare accusations, nor can the Court expect a reasonable jury to infer as much from the medical records themselves. *Celotex v. Catrett,* 477 U.S. 317, 322 (1986) (holding that the non-moving party cannot resist a properly supported motion for summary judgment merely by restating the allegations of his complaint; rather, he must point to concrete evidence sufficient to create a

Inasmuch as Stewart merely disagrees with the independent medical judgment of these Defendants, he has failed to present evidence supporting an Eighth Amendment deliberate indifference claim. Accordingly, it is respectfully recommended that summary judgment (Doc. 194) be entered in favor of Defendants Michael Weisner, Stanley Stanish, and Jennifer Daya.

C. CLAIMS AGAINST CORIZON HEALTH CARE SERVICES

Defendants additionally seek dismissal of all claims against Corizon Health Care services. It is well settled that "although a private corporation offering medical services to inmates cannot be held liable for an alleged § 1983 violation under a theory of *respondeat superior*, it can be held liable for a policy or custom that demonstrates deliberate indifference." *Francis v. Carroll*, 659 F. Supp. 2d 619, 625–26 (D. Del. 2009) (internal quotation marks omitted). *See generally Monell v. Dep't of Social Servs. of N.Y.*, 436 U.S. 658 (1978) (subjecting municipalities to liability for policies or customs that cause constitutional deprivations); *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 584 (3d Cir. 2003) (applying *Monell* to a private company providing medical services to inmates). Thus, to prevail on a claim against Corizon

genuine issue of material fact). Stewart's unsupported challenge to the medical record entries and Defendant Daya's declaration are simply inadequate to create a triable issue of fact on any matter in this litigation, as the documents he attaches do not impugn the validity of Defendants' filings.

Moreover, to the extent Stewart complains of any delay in treatment due to the cancellation of certain appointments, the record reveals that such delays were the result of Stewart's refusal to be evaluated by a male medical provider and to permit Defendant Daya from conducting an examination of his groin in the presence of a male corrections officer with whom Defendant Daya had requested accompany her to these appointments based upon her belief that Stewart was exhibiting manipulative behavior and sexually harassing her. Stewart's attempt to create a dispute as to whether prison policy required the corrections officer to accompany Defendant Daya to these appointments is irrelevant to his Eighth Amendment deliberate indifference claim, as there is no contention that Defendant Daya offered to evaluate him, albeit with supervision from a corrections officer.

Health Care Services, Stewart must establish the existence of a relevant policy or custom and that the policy or custom at issue caused the constitutional violation he alleges. *See Natale*, 318 F.3d at 583–84.

Here, Stewart has failed to "identify the challenged policy, attribute it to the [contracted medical services provider] itself, and show a causal link between execution of the policy and the injury suffered." *Losch v. Borough of Parkesburg*, 736 F.2d 903, 910 (3d Cir. 1984); *Natale*, 318 F.3d at 583–84. More importantly, having found that Stewart did not suffer an injury of constitutional proportions, Corizon Health Care Services cannot be held liable under § 1983. Indeed, this Court has found that the individual medical Defendants employed by Corizon Health Care Services did not exhibit deliberate indifferent to a serious medical need in violation of the Eighth Amendment. Thus, the claim against Corizon Health Care Services cannot stand. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) ("If a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have authorized the use of constitutionally excessive force is quite beside the point."); *Brown v. Commonwealth of Pa., Dep't of Health Emergency Med. Servs.*, 318 F.3d 473, 482 (3d Cir. 2003); *Deninno v. Municipality of Penn Hills*, 269 F. App'x 153, 158 (3d Cir. 2008) (not precedential).

Accordingly, as Stewart has failed to state a claim against Corizon Health Care Services, it is recommended that Defendants' motion for summary judgment (Doc. 165) be granted and that the claims against this Defendant be dismissed.

D.  M<span>EDICAL</span> M<span>ALPRACTICE</span>/N<span>EGLIGENCE</span> C<span>LAIM</span>

As a final matter, Stewart asserts a medical negligence claim against Defendants. Defendants seek dismissal of this claim on the ground that Stewart has not filed a certificate of

merit with respect to any of the Defendants in this case. Pennsylvania Rule of Civil Procedure 1042.3(a) provides:

> In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff, or the plaintiff if not represented, shall file with the complaint or within sixty days after the filing of the complaint, a certificate of merit . . . .

Pa. R. Civ. P. 1042.3.

A licensed professional includes physician's assistants, who are licensed by the Commonwealth of Pennsylvania. Thus, a certificate of merit for each physician's assistant defendant is due within sixty days of the filing of a complaint. Pa. R. Civ. P. 1042.3; *Liggon-Redding v. Estate of Sugarman*, 659 F.3d 258, 264-65 (3d Cir. 2011) ("Pennsylvania Rule 1042.3, mandating a certificate of merit in professional negligence claims, is substantive law under the Erie Rule and must be applied as such by federal courts."). The certificate of merit requirement applies to cases filed in federal court and applies to all plaintiffs, including *pro se* and incarcerated plaintiffs. *Levi v. Lappin*, No. CIV A 1:CV-07-1839, 2009 WL 1770146, at *1 (M.D. Pa. June 22, 2009); *see also Paige v. Holtzapple*, No. CIV A 108-CV-0978, 2009 WL 2588849 (M.D. Pa. Aug. 19, 2009)(citing *Iwanejko v. Cohen & Grigsby*, P.C., 249 F. App'x 938, 944 (3d Cir. 2007) (not precedential)); *Maruca v. Hynick*, No. CIV A 306-CV-00689, 2007 WL 675038, at *1 (M.D. Pa. Feb. 27, 2007) (finding that the language of Rule 1042.3(a) expressly requires that a *pro se* plaintiff file a certificate of merit). The failure to comply with this requirement is deemed a failure to state a claim. *Levi,* 2009 WL 1770146, at *1. "[T]he sixty-day deadline for filing a [certificate of merit] will be strictly construed and not lightly excused . . . ." *Id.*

      Here, more than sixty days have passed since filing the amended complaint. Stewart has neither filed a certificate of merit with respect to Defendants within that timeframe, nor

presented any valid reason as to why this Court should excuse his failure to file a certificate of merit. Accordingly, this Court recommends granting Defendants' motion for summary judgment (Doc. 165) and dismissing Stewart's medical malpractice claims. *See Lopez v. Brady*, 4:CV-07-1126, 2008 WL 4415585 (M.D. Pa. Sept. 25, 2008) (internal citations omitted).

## IV. RECOMMENDATION

Based on the foregoing, it is recommended that:

1. Defendants' motion for summary judgment (Doc. 165) be **GRANTED, and that all claims against** Corizon Health Care Services, Jennifer Daya, Stanley Stanish, and Michael Weisner be dismissed with prejudice;

2. Defendants David A. Varano, Vincent Mooney, Mike Miller, Jeffrey Beard, John E. Wetzel, George Miller, Dorina Varner, Waldman, John P. Sidler, Charles Custer, Novalis, Brownawell, Wiseman, Symon, George Burns, Felix, and Kerns-Barr be terminated from this action, as they have been effectively omitted from the amended complaint;

3. Plaintiff's motion to "produce body for court" (Doc. 194) be **DENIED AS MOOT**;

4. The Clerk of Court **CLOSE** this case.

                                                            **BY THE COURT:**

**Dated: July 14, 2016**                                *s/ Karoline Mehalchick*
                                                            **KAROLINE MEHALCHICK**
                                                            **United States Magistrate Judge**

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARL T. BURTON,<br>*(aka Carl T. Stewart Jr.)*,<br><br>           Plaintiff<br><br>     v.<br><br>DAVID A. VARANO, et al.,<br><br>           Defendants | CIVIL ACTION NO. 1:13-CV-02518<br><br>(RAMBO, J.)<br>(MEHALCHICK, M.J.) |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **July 14, 2016**.

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**Dated: July 14, 2016**                                                            *s/ Karoline Mehalchick*
                                                                                                **KAROLINE MEHALCHICK**
                                                                                                **United States Magistrate Judge**